UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JOSHUA MICHAEL HAVENS | CIVIL ACTION NO. 23-1283 |
| | |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| | |
| MOREHOUSE PARISH SHERIFF'S OFFICE, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

**REPORT AND RECOMMENDATION**

Plaintiff Joshua Michael Havens, a prisoner at Morehouse Parish Jail ("MPJ") proceeding pro se and in forma pauperis, filed this proceeding on approximately September 14, 2023, under 42 U.S.C. § 1983. He names Morehouse Parish Sheriff's Office, Sheriff Mike Tubbs, Warden Quentin Douglas, Corporal White, Sergeant Williams, Lieutenant John Doe, Corporal Armstrong, and William Love as defendants.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff appears to claim that from 2021 to August 5, 2023, the Morehouse Parish Sheriff's Office was "gross[ly] negligent" in refusing to investigate his reports of crimes. [doc. # 1, pp. 3-4]. Plaintiff suggests that he reported break-ins, terrorism, cyber harassment, cyber torture, harassment, and vandalism. *Id.* at 4-5. He claims that Sheriff Mike Tubbs and Corporal White failed to investigate vandalism that he reported. [doc. # 21, p. 1]. He similarly claims that Lieutenant John Doe "failed to investigate any illegal activity[.]" *Id.* at 2. He maintains: "Had

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

there been a proper investigation I might have a home that was not vandalized and the perps caught." *Id.* at 3.

Plaintiff claims that Lieutenant John Doe violated his constitutional rights "by policing private property[.]" [doc. # 21, p. 3].

Plaintiff states that he gave Corporal White a hard drive; he claims, however, that White "has now stolen" the hard drive. [doc. # 21, p. 2].

Plaintiff claims that Corporal White did not read him his *Miranda* rights. [doc. # 21, p. 3].

Plaintiff claims that he was falsely imprisoned in August 2022 and on January 4, 2023. [doc. #s 1, p. 4; 21, p. 2]. His charges are pending. [doc. # 21, p. 3].

Plaintiff claims that Sergeant Williams "failed to call EMT when arrival to jail to be checked from tazed by [Lieutenant Doe]. [sic]." [doc. # 21, pp. 1, 2].

Plaintiff claims that Corporal Armstrong "did not investigate [the] threat Carl Walker posed when [Plaintiff] reported credible threats to him and to William Love." [doc. # 21, p. 1].

Plaintiff claims that Sheriff Tubbs failed "to keep non-DOC inmates safe" at MPJ. [doc. # 21, p. 1]. He alleges that MPJ "allows for pre-trial inmates to get hurt by acts of violence . . . ." *Id.* at 2. Plaintiff similarly claims that Warden Quentin Douglas failed to separate pre-trial detainees from convicted inmates. *Id.* at 1. Plaintiff adds that William Love, a "Louisiana Dept. of Health employee[,]" was "aware of maltreatment" at MPJ. [doc. # 21, p. 1].

Faulting Warden Douglas and Sergeant Williams, Plaintiff claims, "improper decontamination procedures disrupt physical and mental health of all inmates." [doc. # 21, pp. 1-2].

Plaintiff seeks $100,000.00 in compensation, the termination of the involved employees, medical expenses, new dentures, dental implants, the expungement of his record, and a new therapy dog. [doc. #s 1, p. 5; 9, p. 1].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*

4

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Failure to Investigate**

Plaintiff claims that the Morehouse Parish Sheriff's Office, Sheriff Mike Tubbs, Corporal White, and Lieutenant Doe failed to investigate his reports of crimes. [doc. #s 1, pp. 3-4; 21, pp. 1-3]. Plaintiff suggests that he reported break-ins, terrorism, cyber harassment, cyber torture, harassment, and vandalism.

Plaintiff, however, "has no constitutional right to have state officials investigate and prosecute individuals." *Martin v. Busby*, 2023 WL 4983234, at *1 (5th Cir. Aug. 3, 2023) (affirming dismissal of a claim that defendants failed to investigate reports the plaintiff made "about numerous private citizens committing acts of violence against him."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Lefebure v. D'Aquilla*, 15 F.4th 650, 655 (5th

5

Cir. 2021) ("[I]t is not the province of the judiciary to dictate prosecutorial or investigative decisions to the executive branch.").

Accordingly, the Court should dismiss these claims.

### 3. False Imprisonment

Plaintiff claims that he was falsely imprisoned in August 2022. [doc. # 21, p. 2]. Plaintiff, however, does not identify a responsible defendant, and, even if he did, his claim is impermissibly conclusory. Absent more, he presents only a formulaic recitation of a cause of action. The Court should dismiss this claim.

### 4. Stolen Property

Plaintiff states that he gave Corporal White a hard drive; he claims, however, that White "has now stolen" the hard drive. [doc. # 21, p. 2].

A post-deprivation tort cause of action in state law is, under the *Parratt/Hudson*[3] doctrine, sufficient to satisfy the requirements of due process when a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized."[4] *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (*quoting Hudson*, 468 U.S. at 533-35). Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (*citing* Louisiana Civil Code Article 2315 and observing that "Louisiana law

---

[3] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

[4] "The doctrine is meant to protect the state from liability for failing to provide predeprivation process in situations where it cannot anticipate the need for such process (when actions are random and unauthorized)." *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996).

affords an opportunity to redress intentional torts under the same section of the Code by which negligence is remedied."); *Fuller v. XTO Energy, Inc.*, 989 So. 2d 298, 302 (La. Ct. App. 2008) (recognizing the tort of conversion).

Plaintiff does not allege that he was deprived of his property by anyone acting under an official policy, custom, or procedure.[5] Plaintiff should, if he wishes, pursue relief under state law in state court because Louisiana law provides adequate remedies for this alleged conduct.

The Court should dismiss this claim.

**5. Duplicative Claims**

The Court should dismiss Plaintiff's remaining claims as duplicative and therefore frivolous and malicious.

"IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878

---

[5] *See Foster v. Graves*, 2010 WL 3724314, at *5 (M.D. La. Aug. 10, 2010), *report and recommendation adopted,* 2010 WL 3724195 (M.D. La. Sept. 16, 2010) ("[I]t appears . . . that a random and unauthorized deprivation did in fact occur, not when officials initially seized his property pursuant to presumably valid warrants, but when officials retained the plaintiff's seized property and neither returned it to him nor disposed of it in accordance with the statutory procedures set forth in La. R.S. 15:41. . . . Further, the random nature of the defendants' conduct is apparent because . . . the pertinent statutes envision that seized property will be held and safeguarded pursuant to the valid search warrant(s) and in furtherance of ongoing or anticipated criminal proceedings, and will not be held adverse to the owner's interest. And such non-adverse possession can indeed last for a long time, even years, given that the State is entitled to retain the property until all delays for appeal, post-conviction and habeas review have elapsed, and the property is no longer needed for any potential retrial upon reversal or remand. . . . Accordingly, it is not to be anticipated that government officials have taken or will take adverse possession of the subject property, nor is it to be anticipated when they might do so. And finally, if the judge determines to dispose of the seized property, procedural protections are routinely provided because the judge will, in most instances, direct that a public sale or auction be conducted, La. R.S. 15:41(2)(a), which procedures include procedural protections in the form of publication and notice.").

F.2d 846, 850 (5th Cir. 1989). Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); *see Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d)."). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, the following claims are substantially similar to, and arise from the same series of events as, allegations in proceedings that Plaintiff filed before he initiated this proceeding: (1) that Lieutenant John Doe violated his constitutional rights "by policing private property"; (2) that Corporal White did not read him his *Miranda* rights; (3) that he was falsely arrested on January 4, 2023; (4) that Sergeant Williams failed to request an EMT after Lieutenant Doe "tazed" Plaintiff; (5) that Corporal Armstrong "did not investigate [the] threat Carl Walker posed when [Plaintiff] reported credible threats to him and to William Love," and that Sheriff Tubbs and Warden Douglas failed to separate pre-trial detainees from convicted inmates; (6) that William Love was "aware of maltreatment" at MPJ; and (7) that Warden Douglas and Sergeant Williams did not properly decontaminate him.

Plaintiff raised the first three claims above in *Joshua Michael Havens v. Morehouse Parish Sheriff's Office, et al.*, 3:23-cv-1245, Doc. 11, (W.D. La. 2023). The fourth claim above—that Williams failed to request an EMT after Lieutenant Doe tazed Plaintiff—arises from

8

a common series of events which Plaintiff also presented in *Havens*, 3:23-cv-1245. There, he alleged that he was "tazed" and that "No EMT [was] called." *Id.* at Doc. 1, p. 4.

Claims (5) and (6) above arise from a common series of events which Plaintiff presented in *Joshua Michael Havens v. Morehouse Parish Jail, et al.*, 3:23-cv-1246 (W.D. La. 2023). There, he claimed that on August 3, 2023, when he was en route to visit "William Love for La. Department of Health," he told Corporal Armstrong that a convicted inmate, Carl Walker, threatened him. *Id.* He notified Armstrong of Walker's threat when he returned from the meeting with William Love. *Id.* When Plaintiff returned, Walker attacked him. *Id.* Plaintiff stated in the prior proceeding that he provided "staff . . . adequate notification of verbal threats[,]" yet staff "did not do anything to try to prevent harm to [his] person." *Id.* He also claimed that he was attacked because "D.O.C. and Parish inmates" were "mixed." *Id.*

The last claim above—that Warden Douglas and Sergeant Williams did not properly decontaminate him—arises from a common series of events which Plaintiff presented in *Joshua Michael Havens v. Morehouse Parish Jail, et al.*, 3:23-cv-1251 (W.D. La. 2023). There, he claimed that he was not provided proper decontamination measures after he was sprayed with mace.

While there are minor factual distinctions in some of the claims Plaintiff raises here relative to the claims he raised in prior proceedings, the claims here "form a convenient trial unit with the earlier" cases which involved many of the same facts. *See Lewis*, 508 F. App'x at 344; *Bagby v. Karriker*, 555 F. App'x 405, 406 (5th Cir. 2014) ("The two suits raised similar claims that fairly may be viewed as arising from the same series of events . . . .").

As these claims are duplicative, frivolous, and malicious, the Court should dismiss

9

them.[6, 7]

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Joshua Michael Havens' claims be **DISMISSED** as frivolous, malicious, and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for appointed counsel, [doc. # 20], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

---

[6] *See Comeaux v. Cockrell*, 72 F. App'x 54, 55 (5th Cir. 2003) (approving the dismissal of only some claims—rather than an entire complaint—as duplicative and therefore malicious).

[7] That Plaintiff names different defendants in this proceeding does not change the result. *See Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Wesley v. LeBlanc*, 815 F. App'x 817, 818 (5th Cir. 2020) (affirming dismissal as duplicative and malicious where the plaintiff alleged that a new defendant, who he did not name in prior lawsuits, was the only person who could adequately afford him the relief he sought); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

**legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See***

***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 12th day of March, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge